FILED & ENTERED

JUN 19 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>**VICTOR HUEZO**,<br>　　　　Debtor. | Case No. 2:11-bk-35922-RK<br>Chapter 7<br>Adv. No. 2:11-ap-02825-RK |
| **JOEY BALL**,<br>　　　　Plaintiff,<br>　　vs.<br>**VICTOR HUEZO**,<br>　　　　Defendant. | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT AND RESCHEDULING PRETRIAL CONFERENCE AND JOINT PRETRIAL STIPULATION DEADLINE** |

　　　Pending before this court is the motion of Defendant Victor Huezo for summary judgment (the "Motion"), filed on March 4, 2013, seeking an order of this court granting him summary judgment on the claims alleged in Plaintiff's complaint. Specifically, in the Motion, Defendant requests a determination that Plaintiff Joey Ball is not entitled to judgment as a matter of law on his claims under 11 U.S.C. § 523(a)(2)(A) and

§ 523(a)(6).[1]  The counterclaims raised by Defendant in this adversary proceeding are not part of this Motion.  Having considered the moving and opposing papers, the court hereby dispenses with oral argument on the Motion currently set for hearing on June 12, 2013, takes the Motion under submission and rules on the Motion.

A party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Federal Rule of Civil Procedure 56(c), incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In determining whether genuine issues of material fact exists, the evidence must be viewed in the light most favorable to the opposing party; the evidence of the non-moving party is to be believed, and all justifiable inferences are to be drawn in his favor.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); 3 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 14:250 at 14-97 (2011).

In this adversary proceeding, Plaintiff has the burden of persuasion at trial to prove its claims under 11 U.S.C. § 523(a) by a preponderance of the evidence that the debts owed by Defendants are excepted from discharge.  *Grogan v. Garner,* 498 U.S. 279, 291 (1991); 4 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 523.04 at 523-19 - 523-20 and nn. 16 and 18 (16th ed. 2013).  "A moving party without the ultimate burden of persuasion at trial—usually but not always the defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."  *Nissan Fire & Marine Ins., Co., Ltd. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000), *quoted in* 3 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 14:128 at 14-43.  "The moving party may carry its burden of production on

---

[1] Plaintiff intends to withdraw his remaining claim pursuant to 11 U.S.C. § 523(a)(4).  *See* Motion for Leave to File Amended Complaint, filed on April 1, 2013.  The court will rule on this motion in a separate order.

2

summary judgment either by: *negating* (disproving) an essential element of the opposing party's claim or defense; [or] "showing" the opposing party *does not have enough evidence* of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Id.*

Under 11 U.S.C. § 523(a)(2)(A), Plaintiff must prove that: (1) debtor made the representations; (2) at the time debtor knew they were false; (3) debtor made them with the intention and purpose of deceiving Plaintiff as the creditor; (4) Plaintiff as the creditor relied upon such representations; and (5) Plaintiff as the creditor, sustained the alleged loss and damage as the proximate result of the representations having been made. *Citibank (South Dakota), N.A. v. Eashai (In re Eashai),* 87 F.3d 1082, 1086 (9th Cir. 1996) (citation omitted).

The court determines that Defendant has not met his initial burden of production on summary judgment because he has not negated or disproven an essential element of Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A) because the Motion is not supported by sufficient admissible evidence (i.e., no declaration to authenticate the numerous exhibits offered in support of the Motion, and no declarations in support of the factual assertions made by Defendant in the Motion). Federal Rule of Civil Procedure 56(c)(2); Federal Rule of Evidence 901.

Moreover, assuming *arguendo* that Defendant has made a *prima facie* "showing" that Plaintiff does not have enough evidence of an essential element of his claim to carry his burden of proof, Plaintiff in opposition to the Motion has offered sufficient admissible evidence in support of the claims under 11 U.S.C. § 523(a)(2)(A) that Defendant made representations to Plaintiff in order to induce Plaintiff to make loans to, or invest in, Defendant's company, that Defendant knew those statements were false, and that Plaintiff justifiably relied on those representations when deciding to lend to, or invest in, the company to establish that there are genuine issues of material fact for trial, which is demonstrated in sufficient detail in Plaintiff's Joey Ball's Memorandum of Points and Authorities in Opposition to Defendant Victor Huezo's Motion for Summary Judgment at

3

17-24 with extensive citations to the evidentiary record, including Declaration of Joey Ball, Transcript of Deposition of Victor Huezo and Transcript of Deposition of Joey Ball.

Accordingly, the court further concludes that Defendant has not met his ultimate burden of persuasion on summary judgment under Rule 56 to show that (1) there are no genuine issues of material fact arising from Plaintiff's claims under 11 U.S.C. § 523(a)(2)(A) and that (2) Defendant is entitled to judgment as a matter of law as to the claims under 11 U.S.C. § 523(a)(2)(A).

Under 11 U.S.C. § 523(a)(6), Plaintiff must prove that the debt resulted from injury inflicted by the debtor was both willful and malicious that as to willfulness, (1) the debtor had a subjective intent to inflict the injury on Plaintiff or (2) the debtor believed that the injury was substantially certain to occur as a result of the debtor's conduct and that as to malicious injury, the injury resulted from: (1) a wrongful act; (2) done intentionally; (3) that necessarily causes injury; and (4) that is committed without just cause or excuse. *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1208-1209 (9th Cir. 2001); 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 22:671 and 22:680 at 22-80 – 22-81 (2011). For the same reasons as for Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A), the court determines that Defendant has not met his initial burden of production on summary judgment to disprove Plaintiff's claim under 11 U.S.C. § 523(a)(6) for willful and malicious injury and that Plaintiff has offered sufficient admissible evidence to demonstrate the existence of genuine issues of material fact regarding that claim because the evidence of alleged fraudulent conduct of Defendant for the claim under 11 U.S.C. § 523(a)(2)(A) would support a *prima facie* case for a claim under 11 U.S.C. § 523(a)(6). Federal Rule of Civil Procedure 56(c)(2); Federal Rule of Evidence 901. Accordingly, the court further concludes that Defendant has not met his ultimate burden of persuasion on summary judgment under Rule 56 to show that (1) there are no genuine issues of material fact arising from Plaintiff's claims under 11 U.S.C. § 523(a)(6) and that (2) Defendant is entitled to judgment as a matter of law as to the claims under 11 U.S.C. § 523(a)(6).

1       Accordingly, IT IS HEREBY ORDERED that the Motion is denied.

2       IT IS FURTHER ORDERED that the pretrial conference currently set for June 12, 2013 at 1:30 p.m. is vacated and continued to July 23, 2013 at 2:00 p.m.

4       IT IS FURTHER ORDERED that the parties shall file and serve in accordance with Local Bankruptcy Rule 7016-1(b) a joint pretrial stipulation (previously known as joint pretrial order) no later than July 16, 2013.

7       IT IS SO ORDERED.

###

Date: June 19, 2013

Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT AND RESCHEDULING PRETRIAL CONFERENCE AND JOINT PRETRIAL STIPULATION DEADLINE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **June 18, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Paul C Bauducco     PBauducco@lewitthackman.com
Nicholas S Kanter     nkanter@lewitthackman.com
Brad D Krasnoff (TR)    mcdaniel@lbbslaw.com, bkrasnoff@ecf.epiqsystems.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Victor Huezo
9401 Wayside Drive
Sunland, CA 91040

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page