FILED & ENTERED

NOV 29 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>VICTOR HUEZO,<br>　　　　Debtor.<br><br>JOEY BALL,<br>　　　　Plaintiff,<br>　v.<br>VICTOR HUEZO,<br>　　　　Defendant. | Case No. 2:11-bk-35922-RK<br><br>Chapter 7<br><br>Adv. No. 2:11-ap-02825-RK<br><br>ORDER VACATING THE COURT'S MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) AND (a)(6), ENTERED ON SEPTEMBER 30, 2016, AND SETTING POST-TRIAL STATUS CONFERENCE |

In this adversary proceeding, on September 30, 2016, the court entered its Memorandum Decision and Order on Plaintiff's Adversary Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) ("Memorandum Decision and Order"), which ordered counsel for Plaintiff Joey Ball ("Ball") to lodge a proposed final judgment consistent with the Memorandum Decision and Order, and to file a declaration in support of Ball's computations of prejudgment interest within 30 days of

entry of the Memorandum Decision and Order. ECF 215. Before counsel for Ball lodged a proposed final judgment, Defendant Victor Huezo ("Huezo") filed a Notice of Appeal of the court's Memorandum Decision and Order on October 14, 2016, ECF 217, and an Amended Notice of Appeal of the court's Memorandum Decision and Order on October 24, 2016. Thereafter, counsel for Ball lodged his proposed final judgment, ECF 224, and filed his supporting declaration, ECF 225.

Having reviewed the proposed final judgment and supporting declaration submitted by Ball through his counsel, the court must confess that it erroneously relied on California Civil Code § 3287(c) in its Memorandum Decision and Order to determine the amount of prejudgment interest Huezo owes Ball since that provision is not applicable as Ball contended through his counsel's supporting declaration.

Because Ball's claims are based on Huezo's fraudulent misrepresentations that Ball's loans would be used to fund secured loans and thus, sound in tort and not in contract, in determining whether Ball is owed interest on any of his loans to Fremont, the court does not apply the 15% interest rate set forth in the investor activity reports and the promissory notes. Under California Civil Code § 3287(a), "A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt." Further, under California Civil Code § 3287(a), prejudgment interest may be awarded in tort actions. *See, e.g., Levy-Zentner Company v. Southern Pacific Transportation Company*, 74 Cal.App.3d 762, 798 (1977). Moreover, "[w]here the right to prejudgment interest is not based on a contract (interest is awarded on a tort or other noncontractual claim), the rate is 7% per annum from the date the claim arose unless a statute otherwise provides." 1 Ahart, *Rutter Group California Practice Guide: Enforcing Judgments and Debts,* ¶ 3:307.15 at 3-110 (2015), *citing*, California Constitution, Article XV § 1; *Children's Hospital & Medical Center v. Bonta*, 97

Cal.App.4th 740, 775 (2002); and *Michelson v. Hamada*, 29 Cal.App.4th 1566, 1585 (1994).

  The court had determined that Ball's right to recover was vested in him on the day that Fremont/Huezo used the money from Ball's loans to fund unsecured loans by Fremont to borrowers rather than the secured loans as Huezo promised Ball. Accordingly, the court determines that for the debts of Huezo which are nondischargeable, pursuant to Article XV of the California Constitution § 1, Ball is entitled to prejudgment interest at 7 percent per annum from the date Fremont/Huezo used Ball's loans to fund unsecured loans by Fremont to borrowers rather than the secured loans as Huezo promised Ball.  In this regard, despite the usurious nature of Ball's loans to Fremont, the court does not apply the general rule for usurious loans to allow recovery of principal, plus interest at the legal rate from the date of maturity of the loan, but applies an estoppel against Huezo based on Huezo's fraudulent conduct to start the date of accrual of interest at the legal rate for prejudgment interest from the dates the wrongful conduct occurred, the dates when Fremont made the unsecured loans to borrowers with Ball's money in disregard of Huezo's representations to Ball that only secured loans would be made to borrowers.  Upon recomputation of prejudgment interest at the corrected rate, Ball may choose a later date, such as the dates of maturity of the November and January Notes if Ball is unable to establish earlier dates.

  Because the court's prior conclusion about the rate of prejudgment interest was erroneous, the court will need to modify its Memorandum Decision and Order and thus, hereby vacates it in order to modify and reissue it with the correct rate of prejudgment interest.  However, as a threshold matter, the court must address whether it has jurisdiction to do so in light of Huezo's notices of appeal.

  Generally, "[t]he filing of a proper notice of appeal transfers jurisdiction over the matters appealed to the court of appeals.  During pendency of the appeal, the district court is divested of jurisdiction over those aspects of the case involved in the appeal." 3

3

Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence*, ¶ 20:550 at 20-112 (2015), *citing, Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) and *Lopez Dominguez v. Gulf Coast Marine & Associates, Inc.* 607 F.3d 1066, 1073 (5th Cir. 2010). "The rule of exclusive appellate jurisdiction is a creature of judicial prudence, however, and is not absolute." *Masalosalo by Masalosalo v. Stonewall Insurance Company*, 718 F.2d 955, 956 (9th Cir. 1983), *citing, Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976). "A district court . . . retains jurisdiction over an interlocutory order—and thus may reconsider, rescind, or *modify* such an order— until a court of appeals grants a party permission to appeal." *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper,* 254 F.3d 882, 886 (9th Cir. 2001) (emphasis added). An interlocutory order is one which does not finally determine a cause of action but instead decides only an intervening matter." *In re Travers,* 202 B.R. 624, 625 (9th Cir. BAP 1996), *citing, In re Kashani*, 190 B.R. 875, 882 (9th Cir. BAP 1995). "To become final, the order must end the litigation or dispose of a complete claim for relief, leaving nothing for the court to do but execute the judgment." *In re Kashani,* 190 B.R. at 882, *citing, Elliot v. Four Seasons Properties (In re Frontier Properties, Inc.)*, 979 F.2d 1358, 1362 (9th Cir. 1992).

Because the court's Memorandum Decision and Order left open the issue of the amount of the judgment based on the incomplete computation of prejudgment interest Huezo owes Ball, the court's Memorandum Decision and Order did not end the litigation or dispose of the complete claims for relief and thus, is interlocutory and not a final order. The court in its Memorandum Decision and Order specifically stated that Ball was to submit a proposed judgment based on submission of a computation of prejudgment interest upon declaration under penalty of perjury, which was an issue that involved unadjudicated issues of when Fremont/Huezo used Ball's money from Ball's loans to fund unsecured loans by Fremont to borrowers and what interest rate should be applied

under California Civil Code § 3287(a).  Thus, it cannot be said that there was nothing for the court to do but execute the judgment, and therefore, the court determines that its Memorandum Decision and Order is an interlocutory order.  Accordingly, under *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper, supra*, because the court's Memorandum Decision and Order was an interlocutory order, the court retains jurisdiction to modify or vacate the Memorandum Decision and Order.

Further, in its review of the docket regarding the proposed judgment and supporting declaration, the court has reviewed the documents related to Huezo's notices of appeal, including the statement of issues on appeal, and Huezo's proposed findings of fact and conclusions of law submitted in this adversary proceeding.  Huezo contends that the court erred in determining that the loans that he and Fremont made to borrowers were unsecured because the evidence indicates that the loans were secured, and in more closely reviewing Huezo's proposed findings of fact and conclusions of law, the court observes that Huezo cites to, and relies upon, exhibits attached to his requests for judicial notice, filed on April 2, 2014, before the start of trial on April 17, 2014, ECF 171 and 172, and well after the final pre-trial conference, which was held on January 15, 2014.  The 67 exhibits attached to Huezo's requests for judicial notice, ECF 171 and 172, were not listed in Huezo's exhibit list and exhibit register, ECF 162, which listed 60 exhibits and was filed with the court and adopted as part of the court's Final Pretrial Order on April 7, 2014, ECF 174, nor were the 67 exhibits attached to Huezo's requests for judicial notice submitted in the exhibit binders offered by Huezo at trial.

Furthermore, it is the court's recollection that the court only received into evidence the exhibits offered by the parties which were listed on their exhibit registers and in the exhibit binders, that the exhibits attached to Huezo's requests for judicial notice were not specifically offered by Huezo at trial, nor were they formally received by the court at trial, that the exhibits attached to Huezo's requests for judicial notice were not discussed in the testimony of the witnesses at trial and that the court did not specifically grant Huezo's

requests for judicial notice. Thus, it appears that the court did not consider the exhibits attached to Huezo's requests for judicial notice as part of the trial record upon which the court based its Memorandum Decision and Order. Yet it also appears that Huezo relies upon the exhibits attached to his requests for judicial notice as evidence in support of his contentions on appeal. The court and the parties should examine the trial record more closely to address the issue of whether the exhibits attached to Huezo's requests for judicial notice are part of the trial record or not, which examination should be made easier since the parties have now ordered the transcripts of the trial proceedings for Huezo's appeal.

Huezo's citation to and reliance upon the evidence in the exhibits attached to his requests for judicial notice as a basis for his appeal in this case presents issues that were not addressed by the court or the parties at trial. Thus, the court determines that such issues should be addressed by this court first before appellate review on Huezo's appeal. It seems to this court that it is a serious issue not previously addressed that Huezo is relying upon the exhibits attached to his requests for judicial notice since they were not listed in his exhibit list before trial that was incorporated into the Final Pretrial Order and that he did not specifically offer these exhibits into evidence at trial. Huezo apparently believes that he made these exhibits part of the trial record by just filing these exhibits with the court in placing them on the docket.

Thus, the court determines that it should examine whether Huezo's requests for judicial notice with the attached exhibits are properly part of the trial record upon which the court would base its final decision on the claims in this case, and whether their submission outside the pretrial conference process should be permitted as an improper variance from the Final Pretrial Order and unfair surprise and prejudice to Ball since it may have been that such exhibits were not produced to Ball during discovery before Huezo filed his requests for judicial notice on the eve of trial.

Accordingly, the court vacates its Memorandum Decision and Order entered on

1  September 30, 2016 and sets a post-trial status conference for December 12, 2016 at
2  2:00 p.m. to discuss further proceedings to address these issues.  Counsel for the parties
3  are ordered to appear at the post-trial status conference on December 12, 2016 at 2:00
4  p.m., and no written status report is required for the status conference.
5       IT IS SO ORDERED.
6                                             ###

23  Date: November 29, 2016
24                                           Robert Kwan
                                         United States Bankruptcy Judge