**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: VICTOR HUEZO,

        Debtor,

------------------------------

VICTOR HUEZO,

        Appellant,

v.

JOEY BALL,

        Appellee.

No.  20-60038

BAP No. 19-1260

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Taylor, and Faris, Bankruptcy Judges, Presiding

Submitted August 6, 2021[**]
Pasadena, California

Before: PAEZ, CALLAHAN, and HURWITZ, Circuit Judges.

Chapter 7 debtor Victor Huezo appeals the decision of the Bankruptcy

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel ("BAP") affirming the bankruptcy court's judgment declaring a debt owed by Huezo to appellee Joey Ball to be nondischargeable under 11 U.S.C. § 523(a)(2) and (a)(6), and remanding for a recalculation of the judgment amount. We have jurisdiction under 28 U.S.C. § 158(d)(1). "Because we are in as good a position as the BAP to review bankruptcy court rulings, we independently examine the bankruptcy court's decision, reviewing the bankruptcy court's interpretation of the Bankruptcy Code de novo and its factual findings for clear error." *In re Hatton*, 220 F.3d 1057, 1059 (9th Cir. 2000). We affirm.

> 1. Huezo first argues that Ball's reliance on Huezo's misrepresentations was not justifiable and therefore that the bankruptcy court erred in finding that the debt at issue was nondischargeable under 11 U.S.C. § 523(a)(2). In relevant part, § 523(a)(2) excepts from discharge any monetary debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To prevail, a creditor must establish the following five elements by a preponderance of the evidence:

> > (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). On appeal, Huezo challenges

2

only the bankruptcy court's factual finding that Ball satisfied the fourth element.

Huezo failed to show that the bankruptcy court clearly erred in finding Ball's reliance on Huezo's misrepresentations justified. The bankruptcy court's lengthy amended memorandum decision, issued after a four-day bench trial, cites evidence adequately supporting its factual findings on this point. For example, the court cited evidence demonstrating: that Ball received inaccurate informational materials from Fremont Investment Holdings, Inc. (Huezo's company), which stated that Fremont's loans to third parties were secured by collateral; that Huezo sent lending activity reports to Ball, which supposedly identified the specific loans Ball's money was funding, and further represented that these loans were secured; that Fremont had a California finance lender's license; and that Ball and Huezo had a longtime mutual friend who vouched for Huezo. While Huezo argues that Ball was a sophisticated investor who should have seen through Huezo's misrepresentations, we agree with the BAP that the bankruptcy court did not clearly err in finding that Ball's reliance on these statements was justifiable.

2.  Huezo next argues that the bankruptcy court clearly erred in finding the debt independently nondischargeable under 11 U.S.C. § 523(a)(6). Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." "[T]he willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a

3

subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct." *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001). "A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *Id.* at 1209 (quoting *In re Bammer*, 131 F.3d 788, 791 (9th Cir. 1997) (en banc)).

Huezo contends that the bankruptcy court clearly erred in finding that Huezo intentionally failed to repay Ball, or that Huezo was substantially certain that Ball would be injured by Huezo's conduct. We disagree. Substantial evidence supported the court's finding that Huezo willfully attempted to injure Ball, including (but not limited to) the fact that Huezo repeatedly concealed from Ball how Huezo was using Ball's money, and that Huezo paid himself extravagant and undisclosed commissions using Ball's money.

3. Huezo further argues that his filing of a premature notice of appeal before the bankruptcy court had entered a final judgment deprived the bankruptcy court of jurisdiction to vacate and amend its post-trial memorandum decision. But a premature notice of appeal from an interlocutory order does not automatically transfer jurisdiction to an appellate court. *In re Rains*, 428 F.3d 893, 903–04 (9th Cir. 2005).

4. Finally, while this appeal was pending, Huezo twice requested that we

4

issue a limited remand under Federal Rule of Appellate Procedure 12.1 to allow the bankruptcy court to correct the error in the judgment amount identified by the BAP. (ECF Nos. 5 & 8.) We denied both motions for failure to follow the procedures required by Rule 12.1. (ECF Nos. 6 & 11.) Notwithstanding the denial of these motions, the parties appear to have subsequently requested that the bankruptcy court enter an amended final judgment, and the bankruptcy court did so on November 16, 2020. (Am. Final J., Adv. Pro. No. 2:11-ap-02825 (C.D. Cal. Nov. 16, 2020), ECF No. 307.) Because the bankruptcy court lacked jurisdiction to enter an amended final order during the pendency of this appeal without leave of this court, on remand the bankruptcy court is directed to enter a judgment consistent with the instructions from the BAP.

      The decision of the BAP is **AFFIRMED**.

# United States Court of Appeals for the Ninth Circuit

### Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)  A.  **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
   ▶ A material point of fact or law was overlooked in the decision;
   ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
   ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

  B.  **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
> - The proceeding involves a question of exceptional importance; or
> - The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                                                                 **Date**

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) (Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief) | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10**                                                                                                                         *Rev. 12/01/2018*