FILED
JUN - 6 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

ENTERED
JUN - 8 2023
CLERK U.S. ...
CENTRAL ...
BY:

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re Victor Huezo, <br><br> Debtor <br><br><br> Joey Ball, <br><br> Plaintiff/Original Judgment Creditor, <br><br> v. <br><br> Victor Huezo, <br><br> Defendant/Judgment Debtor | Case No.: 2:11-bk-35922-RK <br> Chapter 7 Proceeding <br> Adv. Proc. No. 2:11-ap-02825-RK <br><br><br><br> **ORDER** |

This Court, having considered Assignee Gregg Roberts' Motion for Authorization for Issuance of Earnings Withholding Order Against Krista Ann Huezo Aka Krista Ann Godbold, Nondebtor Spouse of Judgment Debtor Victor Huezo; the accompanying Memorandum of Points and Authorities and Declarations in Support Thereof, and any other relevant documents and testimony, hereby GRANTS the Motion.

Accordingly, the issuance of an earnings withholding order by a levying officer or registered process server against the wages of Krista Ann Huezo AKA Krista Ann Godbold is hereby authorized, and additional such earnings withholding orders may be issued if Krista Ann Huezo AKA Krista Ann Godbold changes employers.

Dated: 6/6/23

Hon. Robert Kwan, JUDGE
United States Bankruptcy Court

WG-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | LEVYING OFFICER (Name and address): |
|---|---|---|
| NAME: Gregg Roberts | | United States Marshals Service |
| FIRM NAME: | | 350 West 1st Street, Suite 3001 |
| STREET ADDRESS: 43430 E. Florida Ave. #F-293 | | Los Angeles, CA 90012-4545 |
| CITY: Hemet    STATE: CA    ZIP CODE: 92544 | | (213) 620-7676 |
| TELEPHONE NO.: 951-330-4450    FAX NO.: | | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): Assignee of Record, Pro Se | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 255 E. Temple Street
MAILING ADDRESS: 255 E. Temple Street
CITY: Los Angeles    ZIP CODE: 90012
BRANCH NAME: United States Bankruptcy Court, Central District of California

PLAINTIFF/PETITIONER: Joey Ball
DEFENDANT/RESPONDENT: Victor Huezo

| EARNINGS WITHHOLDING ORDER (Wage Garnishment) | LEVYING OFFICER FILE NO.: | COURT CASE NO.: 2:11-ap-02825-RK |
|---|---|---|

**EMPLOYEE:** *KEEP YOUR COPY OF THIS LEGAL PAPER.*   **EMPLEADO:** *GUARDE ESTE PAPEL OFICIAL.*

**EMPLOYER:** Enter the following date to assist your recordkeeping.
Date this order was received by employer *(specify the date of personal delivery by levying officer or registered process server or the date mail receipt was signed):*

**TO THE EMPLOYER REGARDING YOUR EMPLOYEE:**

| Name and address of employer | Name and address of employee |
|---|---|
| High Point Academy<br>1720 Kinneloa Canyon Rd<br>Pasadena CA 91107 | Krista Ann Huezo AKA Krista Ann Godbold<br>9401 Wayside Drive<br>Sunland CA 91040 |

Social Security No. [x] on form WG-035 [ ] unknown

1. A judgment creditor has obtained this order to collect a court judgment against your employee. You are directed to withhold part of the earnings of the employee *(see instructions on reverse of this form).* Pay the withheld sums to the **levying officer** *(name and address above).*

   If the employee works for you now, you must **give the employee a copy of this order and the *Employee Instructions*** (form WG-003) within 10 days after receiving this order.

   **Complete both copies of the form *Employer's Return*** (form WG-005) and **mail them to the levying officer** within 15 days after receiving this order, whether or not the employee works for you.

2. The total amount due is: $859,840.21 plus $36.64 per day interest from April 2, 2023

   Count 10 calendar days from the date when you received this order. If your employee's pay period ends before the 10th day, **do not** withhold earnings payable for that pay period. **Do** withhold from earnings that are payable for any pay period ending on or after that 10th day.

   Continue withholding for all pay periods until you withhold the amount due. The levying officer will notify you of an assessment you should withhold in addition to the amount due. Do not withhold more than the total of these amounts. Never withhold any earnings payable before the beginning of the earnings withholding period.

3. The judgment was entered in the court on *(date):* November 5, 2021

   The judgment creditor *(if different from the plaintiff) is (name):* Gregg Roberts

4. The *INSTRUCTIONS TO EMPLOYER* on the reverse tell you how much of the employee's earnings to withhold each payday and answer other questions you may have.

Date:

▶

| (TYPE OR PRINT NAME) | (SIGNATURE) |
|---|---|
| | [ ] LEVYING OFFICER  [ ] REGISTERED PROCESS SERVER |

(Employer's Instructions on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
WG-002 [Rev. July 1, 2016]

**EARNINGS WITHHOLDING ORDER**
**(Wage Garnishment)**

Code of Civil Procedure, §§ 706.022, 706.108, 706.125
www.courts.ca.gov

## INSTRUCTIONS TO EMPLOYER ON EARNINGS WITHHOLDING ORDERS

WG-002

The instructions in paragraph 1 on the reverse of this form describe your early duties to provide information to your employee and the levying officer.

Your other duties are TO WITHHOLD THE CORRECT AMOUNT OF EARNINGS (if any) and PAY IT TO THE LEVYING OFFICER during the *withholding period.*

The withholding period is the period covered by the *Earnings Withholding Order* (this order). The withholding period begins 10 calendar days after you receive the order and continues until the total amount due, plus additional amounts for costs and interest (which will be listed in a levying officer's notice), is withheld.

It may end sooner if (1) you receive a written notice signed by the levying officer specifying an earlier termination date, or (2) an order of higher priority (explained on the reverse of the *Employer's Return* (form WG-005) is received.

You are entitled to rely on and must obey all written notices signed by the levying officer.

The *Employer's Return* (form WG-005) describes several situations that could affect the withholding period for this order. If you receive more than one *Earnings Withholding Order* during a withholding period, review that form *(Employer's Return)* for instructions.

If the employee stops working for you, the *Earnings Withholding Order* ends after no amounts are withheld for a continuous 180-day period. If withholding ends because the earnings are subject to an order of higher priority, the *Earnings Withholding Order* ends after a continuous two-year period during which no amounts are withheld under the order. **Return the Earnings Withholding Order to the levying officer with a statement of the reason it is being returned.**

### WHAT TO DO WITH THE MONEY

The amounts withheld during the withholding period must be paid to the levying officer by the 15th of the next month after each payday. If you wish to pay more frequently than monthly, each payment must be made within 10 days after the close of the pay period.

Be sure to mark each *check with the case number, the levying officer's file number, if different, and the employee's name so the money will be applied to the correct account.*

### WHAT IF YOU STILL HAVE QUESTIONS?

The garnishment law is contained in the Code of Civil Procedure beginning with section 706.010. Sections 706.022, 706.025, 706.050, and 706.104 explain the employer's duties.

The Federal Wage Garnishment Law and federal rules provide the basic protections on which the California law is based. Inquiries about the federal law will be answered by mail, telephone, or personal interview at any office of the Wage and Hour Division of the U.S. Department of Labor. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

### COMPUTATION INSTRUCTIONS

California law provides how much earnings to withhold, if any, for different amounts of disposable earnings and different pay periods, and takes into consideration different minimum wage amounts. The method of calculation is at Code of Civil Procedure section 706.050 and is described in the column to the right. You may also look on the California Courts Self-Help website for assistance in determining the maximum withholding amounts for different amounts of disposable income, for different pay periods, and with different minimum wage amounts. The information is at *www.courts.ca.gov/self-help-employerwagecivil.htm.*

*THESE COMPUTATION INSTRUCTIONS APPLY UNDER NORMAL CIRCUMSTANCES. THEY DO NOT APPLY TO ORDERS FOR THE SUPPORT OF A SPOUSE, FORMER SPOUSE, OR CHILD.*

State law limits the amount of earnings that can be withheld. The limitations are based on the employee's disposable earnings, which are different from gross pay or take-home pay.

(A) To determine the CORRECT AMOUNT OF EARNINGS TO BE WITHHELD (if any), first compute the employee's *disposable earnings.*

Earnings include any money (whether called wages, salary, commissions, bonuses, or anything else) that is paid by an employer to an employee for personal services. Vacation or sick pay is subject to withholding as it is received by the employee. Tips are generally not included as earnings because they are not paid by the employer.

*Disposable earnings* are the earnings left after subtracting the part of the earnings a state or federal law requires an employer to withhold. Generally these required deductions are (1) federal income tax, (2) federal social security, (3) state income tax, (4) state disability insurance, and (5) payments to public employee retirement systems. Disposable earnings will change when the required deductions change.

(B) After the employee's disposable earnings are known, to determine what amount should be withheld, you may look to the statute, follow the directions below in (C), or seek assistance on the California Courts Self-Help website at *www.courts.ca.gov/self-help-employerwagecivil.htm.* Note that you also need to know the amount of the minimum wage in the location where the employee works.

(C) Calculate the maximum amount that may be withheld from the employee's disposable earnings, which is the *lesser* of the following two amounts:

- 25 percent of disposable earnings for that week; or
- 50 percent of the amount by which the employee's disposable earnings that week exceed the applicable minimum wage. If there is a local minimum wage in effect in the location where the employee works that exceeds the state minimum wage at the time the earnings are payable, the local minimum wage is the applicable minimum wage.

To calculate the correct amount, follow the steps below:

Step 1: Determine the applicable minimum wage per pay period.
- For a daily or weekly pay period, multiply the applicable hourly minimum wage by 40.
- For a biweekly pay period, multiply the applicable hourly minimum wage by 80.
- For a semimonthly pay period, multiply the applicable hourly minimum wage by 86 2/3.
- For a monthly pay period, multiply the applicable hourly minimum wage by 173 1/3.

Step 2: Subtract the amount from Step 1 from the employee's disposable earnings during that pay period.

Step 3: If the amount from Step 2 is less than zero, do not withhold any money from the employee's earnings.

Step 4: If the amount from Step 2 is greater than zero, multiply that amount by one-half.

Step 5: If the amount from Step 4 is lower than 25 percent of the employee's disposable earnings, withhold this amount. If it is greater than 25 percent of the employee's disposable earnings, withhold 25 percent of the disposable earnings.

Occasionally, the employee's earnings will also be subject to a *Wage and Earnings Assignment Order,* an order available from family law courts for child, spousal, or family support. The amount required to be withheld for that order should be deducted from the amount to be withheld for this order.

### IMPORTANT WARNINGS

1. IT IS AGAINST THE LAW TO FIRE THE EMPLOYEE BECAUSE OF *EARNINGS WITHHOLDING ORDERS* FOR THE PAYMENT OF ONLY ONE INDEBTEDNESS. No matter how many orders you receive, so long as they all relate to a single indebtedness (no matter how many debts are represented in that judgment), the employee may not be fired.

2. IT IS ILLEGAL TO AVOID AN *EARNINGS WITHHOLDING ORDER* BY POSTPONING OR ADVANCING THE PAYMENT OF EARNINGS. The employee's pay period must not be changed to prevent the order from taking effect.

3. IT IS ILLEGAL NOT TO PAY AMOUNTS WITHHELD FOR THE *EARNINGS WITHHOLDING ORDER* TO THE LEVYING OFFICER. Your duty is to pay the money to the levying officer who will pay the money in accordance with the law that applies to this case.

*IF YOU VIOLATE ANY OF THESE LAWS YOU MAY BE HELD LIABLE TO PAY CIVIL DAMAGES AND YOU MAY BE SUBJECT TO CRIMINAL PROSECUTION!*